IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TCYK, LLC,

       Plaintiff,

   vs.                                 Case No. 2:13-cv-540
                                        Judge Marbley
                                        Magistrate Judge King

JOHN DOES 48-98,

       Defendants.


ORDER

    This is a copyright action in which plaintiff alleges that defendants "conspired with other infringers on the BitTorrent network to copy and/or distribute" plaintiff's copyrighted motion picture, *The Company You Keep*.  *Complaint*, Doc. No. 1, ¶¶ 11, 13.  Defendants are otherwise identified only by IP addresses.  *Exhibit B*, attached to *Complaint*.  This matter is now before the Court on *Plaintiff's Ex Parte Application for Leave to Take Discovery Prior to Rule 26(f) Conference*, Doc. No. 3 ("*Plaintiff's Motion*").  In its motion, plaintiff seeks to conduct limited discovery of non-party internet service providers to determine the identities of the defendants.

    The Federal Rules of Civil Procedure prohibit "discovery from any source before the parties have conferred as required by Rule 26(f), except," *inter alia*, when authorized by court order.  Fed. R. Civ. P. 26(d)(1).  Expedited discovery is appropriate upon a showing of good cause.  *Arista Records, LLC v. Does 1-15*, No. 2:07-CV-450, 2007 WL 5254326, at *2 (S.D. Ohio May 17, 2007).  Good cause is easily

1

established in a copyright infringement case, *see id.,* where, as here,
plaintiff has established that it cannot meet its service obligation
under Fed. R. Civ. P. 4 without the requested discovery.

Accordingly, *Plaintiff's Motion*, Doc. No. 3, is **GRANTED**.

**IT IS HEREBY ORDERED** that plaintiff may serve limited, immediate
discovery on the internet service providers identified in Exhibit 1
attached to *Plaintiff's Motion*, and on later-discovered or
intermediary internet service providers in order to obtain the
identity of each Doe defendant by serving a Rule 45 subpoena that
seeks documents that identify each Doe defendant, including the name,
current (and permanent) addresses and telephone numbers, e-mail
addresses and Media Access Control addresses for each defendant.  The
disclosure of this information is ordered pursuant to 20 U.S.C. §
1232g(b)(2)(B) where applicable to educational institutions.

**IT IS FURTHER ORDERED THAT** any information disclosed to plaintiff
in response to the Rule 45 subpoenas may be used by plaintiff solely
for the purpose of protecting plaintiff's rights under the Copyright
Act.


July 22, 2013                          *s/Norah McCann King*
                                        Norah M^cCann King
                                United States Magistrate Judge