**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

TCYK, LLC,

      Plaintiff,

  vs.                        Case No. 2:13-cv-540
                                     Judge Marbley
                                     Magistrate Judge King

DOES 48-98,

      Defendants.

## OPINION AND ORDER

This is a copyright action in which plaintiff alleges that defendants copied and distributed plaintiff's copyrighted work, the motion picture "The Company You Keep." *Complaint*, Doc. No. 1, ¶ 5. Defendants are currently identified only by IP addresses. *Exhibit B*, attached to *Complaint*. On the same day that the *Complaint*, Doc. No. 1, was filed, plaintiff also filed an *ex parte* motion seeking to conduct limited, expedited discovery of non-party internet service providers in order to determine the identities of defendants. Doc. No. 3. Specifically, plaintiff sought leave to serve a subpoena pursuant to Fed. R. Civ. P. 45 on certain ISPs in order to discover the name, address(es), telephone number(s), e-mail address(es), and Media Access Control ("MAC") addresses of each Doe defendant whom plaintiff has identified to date (as well as those whom plaintiff may identify in the future). *Id.* at pp. 20-21. This Court granted plaintiff's *ex parte* motion, concluding that plaintiff had established good cause because it could not meet its service obligation under Fed.

R. Civ. P. 4 without the requested discovery. *Order*, Doc. No. 4, pp. 1-2.

On September 20, 2013, an unidentified Doe Defendant filed a motion to quash. *Motion of Doe No. 74 to Squash* [sic] *Subpoena* ("*Motion to Quash*"), Doc. No. 8. The motion did not, however, comply with Fed. R. Civ. P. 11 because the movant withheld his real name, did not sign the motion, and did not provide a mailing address, email address, or telephone number. *See Order*, Doc. No. 9. The Court therefore ordered the movant to

> submit for filing a signed copy of the *Motion to Quash* which contains the information required by Rule 11(a). Alternatively, the movant may file, within fourteen (14) days, a motion to proceed anonymously. To the extent that the movant has reasons for seeking protection of his or her identity from disclosure, he or she may submit the motion under seal and request leave to proceed with the motion *ex parte*.

*Id.*

This matter is now before the Court for consideration of *Doe No. 74's Ex Parte Motion to Proceed Anonymously* ("*Motion to Proceed Anonymously*"), Doc. No. 11, which was filed in response to the Court's September 20, 2013 *Order*. The moving defendant seeks to proceed anonymously in this action to "protect[] his personal identifying information from disclosure." *Id*. at p. 1. The moving defendant argues that "exceptional circumstance[s]" warrant granting the *Motion to Proceed Anonymously* because "the injury litigated against [in the *Motion to Quash*] would be incurred as a result of the disclosure of [the moving defendant's] identity." *Id*. In short, the movant argues that he should be permitted to proceed anonymously because his *Motion to Quash* seeks to protect his identity. *Id*. This argument is not

2

well taken.

As an initial matter, the moving defendant has failed to comply with the Court's September 20, 2013 *Order* because the motion fails to comply with the signature requirements of Fed. R. Civ. P. 11(a) and does not provide the movant's email address or telephone number, even for filing under seal.

As discussed *supra*, the moving defendant argues that he should be permitted to proceed anonymously because the *Motion to Quash* seeks to protect his identity from discovery.  The moving defendant has not, however, articulated what harm, if any, would result from the disclosure of his name, address, telephone number, e-mail address, and MAC address.  Moreover, to the extent that the moving defendant attempts to rely on the arguments made in the *Motion to Quash*,[1] they are also without merit.

First, the moving defendant is not burdened by the subpoena because it is not he who is required to respond to the subpoena; the moving defendant lacks standing to challenge the subpoena on the basis that it burdens - not him – but his ISP.  *See Levitin v. Nationwide Mut. Ins. Co.*, 2:12-cv-34, 2012 U.S. Dist. LEXIS 177738, at *14-15 (S.D. Ohio Dec. 14, 2012) ("Here, the subpoenas are directed to Plaintiff's prior employers.  Thus, only Plaintiff's prior employers

---

[1] The *Motion to Quash* seeks to quash a subpoena issued to the movant's ISP pursuant to this Court's order because it (1) requires a non-party to travel more than 100 miles from where that person resides, works and regularly transacts business," (2) "requires disclosure of information that is protected from discovery," (3) "subjects Doe No. 74 to undue burden," (4) seeks irrelevant information because identification of the Doe defendants by IP address does not identify the identity of the alleged copyright infringers, and (5) is being used to extort settlements from anonymous defendants.  *Motion to Quash*, pp. 1-2.

have standing to challenge the subpoenas on the ground that production of the subpoenaed documents would pose an undue burden expense."); *McNaughton-McKay, Elec. Co. v. Linamar Corp.*, No. 09-cv-11165, 2010 U.S. Dist. LEXIS 59275, at *9-10 (E.D. Mich. June 15, 2010) ("Defendant [which was not the recipient of the subpoena] does not have standing to argue that Chrysler's compliance with the subpoena will cause undue burden where Chrysler has not objected to the subpoena on this ground."). In this regard, the Court notes that the movant's ISP, the entity that actually received the subpoena, has not objected to compliance with the subpoena.

Second, the moving defendant contends that a risk of harassment and extortion exists should his identity be revealed. *Motion to Quash*, pp. 2-3. However, a desire to avoid persistent contact by a plaintiff has been found to be an inadequate basis for allowing a party to proceed anonymously. *See, e.g., Malibu Media, LLC v. John Does 1-13*, No. CV 12-1156(JFB)(ETB), 2012 WL 2325588, at *2 (E.D.N.Y. June 19, 2012). Moreover, other than generalized fears, the moving defendant has offered no evidence (or even allegation) that the plaintiff in this action has engaged in abusive litigation tactics. On this record, this Court declines to assume that plaintiff will engage in such misconduct. *See, e.g., Malibu Media, LLC v. John Does 1-5*, 285 F.R.D. 273, 278 (S.D. N.Y. 2012) ("[N]one of the instances of improper litigation tactics that have been brought to our attention involve plaintiff or plaintiff's counsel. We are reluctant to prevent plaintiff from proceeding with its case based only on a 'guilt-by-association' rationale."). The Court also notes that, unlike the

4

allegations of illegal downloads in other actions addressing coercive settlements, *cf. id.*, this litigation does not, apparently, involve the alleged downloading of pornography.  Moreover, should any Doe defendant establish that plaintiff's claims have been vexatiously pursued or are frivolous, or if any Doe defendant prevails, that party may seek sanctions and/or reimbursement for his or her costs and fees. *See* Fed. R. Civ. P. 11; 28 U.S.C. § 1927; 17 U.S.C. § 505; Fed. R. Civ. P. 54.

Finally, the moving defendant argues in the *Motion to Quash* that the subpoena seeks irrelevant information because identification of the Doe defendants by IP address does not necessarily identify the alleged copyright infringers.  *Motion to Quash*, pp. 1-2.  As discussed *supra*, the Court previously concluded that plaintiff's request for expedited discovery was supported by good cause.  *Order*, Doc. No. 4 (citing *Arista Records, LLC v. Does 1-15*, No. 2:07-cv-450, 2007 WL 5254326, at *2 (S.D. Ohio May 17, 2007)). *See also Breaking Glass Pictures v. Does 1-99*, No. 2:13-cv-389, 2013 U.S. Dist. LEXIS 88090 (S.D. Ohio June 24, 2013) (finding good cause and permitting expedited discovery in a copyright infringement case in order to obtain the identity of each Doe defendant).  To the extent that the movant asks the Court to revisit this conclusion, he has offered nothing to establish that the prior decision was erroneous. Moreover, arguments related to the merits of the claims and allegations in the *Complaint* are appropriately addressed in the context of a motion to dismiss or a motion for summary judgment, rather than on a motion to quash a subpoena.  *See*, *e.g.*, *First Time*

*Videos, LLC*, 276 F.R.D. 241, 250 (N.D. Ill. Aug. 9, 2011).

Allowing a party to proceed anonymously is the exception and not the rule.  *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005).  The moving defendant does not explain how disclosure of his or her name, address, telephone number, e-mail address, and MAC address would harm the moving defendant.  The moving defendant also has not shown that the need for remaining anonymous substantially outweighs the risk of unfairness to plaintiff or the general presumption that a party's identity is public information.  *See E.E.O.C. v. Care Centers Mgmt. Consulting*, *Inc.*, No. 2:12-cv-207, 2012 WL 4215748, at *3 n.2 (E.D. Tenn. Sept. 18, 2012).  The moving defendant's request to proceed anonymously is therefore without merit.

Accordingly, the *Motion to Proceed Anonymously*, Doc. No. 11, is **DENIED**.

The *Motion to Quash*, Doc. No. 8, remains pending.  Within fourteen (14) days of this order, the movant shall submit for filing a signed copy of the *Motion to Quash*, Doc. No. 8, which contains the information required by Rule 11(a).  The movant's failure to comply with this *Order* as directed may result in an order striking the *Motion to Quash*.


October 11, 2013                     *s/Norah McCann King*
                                      Norah M$^c$Cann King
                               United States Magistrate Judge


6